NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANDEEP SINGH, | No. 14-70102 |
| Petitioner, | Agency No. A200-892-050 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015**

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Amandeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") denial of his motion to reopen his removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252.   We review for abuse of discretion

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA dismissed Singh's appeal of the IJ's denial of his motion to reopen to rescind the removal order entered in absentia on the sole basis that the motion was untimely. Singh does not challenge this finding. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review with respect to the motion to reopen to rescind the removal order entered in absentia.

The BIA did not abuse its discretion in dismissing Singh's appeal of the immigration judge's denial of his motion to reopen based on changed country conditions because he did not establish prima facie eligibility for the relief sought. *See* 8 C.F.R. § 1003.23(b)(4)(i); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007) (stating the hurdles a petitioner needs to clear in order to prevail on a motion to reopen based on changed country conditions).

**PETITION FOR REVIEW DENIED.**